IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARNULFO R. GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13 CV 3463 |
| ) | Judge Joan H. Lefkow |
| BANK OF AMERICA, N.A., and ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPINION AND ORDER

Plaintiff Arnulfo R. Gonzalez filed a four-count *pro se* complaint against Bank of America, N.A. ("Bank of America")[1] and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "defendants")[2] seeking damages arising from alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* (Count I); void assignment of mortgage in violation of the Fourteenth Amendment (Count II); lack of authority to assign mortgage (Count III); and, against Bank of America only, violation of the Illinois Mortgage Foreclosure Law, 735 Ill. Comp. Stat. 5/15-1101 *et seq.*, and related state court rules (Count IV). Defendants have moved to dismiss the complaint pursuant to Federal Rules of Civil

---

[1] The complaint lists Bank of America, not Bank of America, N.A., as a defendant; however, Bank of America, N.A. was served and states that it is the proper defendant. The Clerk is directed to amend the caption accordingly.

[2] Pierce and Associates, P.C. is also named as a defendant in Counts II and IV but it is not listed on the caption as a defendant and has not been served. The time for service has now expired and Gonzalez has not made a motion to extend the service period. *See* Fed. R. Civ. P. 4(m). Pierce and Associates, P.C. is therefore dismissed as a defendant.

1

Procedure 12(b)(1) and 12(b)(6). (Dkt. #14.) For the following reasons, the motion will be granted.[3]

## BACKGROUND[4]

On January 13, 2006, Gonzalez obtained a home loan from Countrywide Home Loans, Inc. ("Countrywide"), secured by a mortgage on real estate located at 14328 Karlov Avenue, Midlothian, Illinois ("the property"). (Def. Ex. 6.) On November 18, 2009, MERS, acting as nominee for Countrywide, assigned the mortgage to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BAC"). (Compl. Ex. A.) BAC serviced the loan and is Bank of America's predecessor by merger.

On November 25, 2009, BAC filed a foreclosure action in the Circuit Court of Cook County, Chancery Division. (Def. Ex. 5.) On June 21, 2010, BAC obtained a judgment of foreclosure and sale. (Def. Ex. 1.) On October 18, 2011, BAC obtained an order approving the foreclosure report of sale and an order for possession of the deed. (Def. Ex. 2.) On August 17, 2012, Gonzalez filed a motion to quash service, which the Circuit Court denied on October 2, 2012. (Def. Exs. 3, 4.) Gonzalez did not appeal. (*See* Def. Ex. 5.) Instead, on May 9, 2013, he

---

[3] The court possesses diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, Gonzalez is a citizen of Illinois, Bank of America is Delaware corporation with its principal place of business in North Carolina, and MERS is a Delaware corporation with its principal place of business in Virginia. The court also possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331 over those claims arising under federal law (Counts I and II) and supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining state law claims.

[4] The following facts are taken from the well-pleaded allegations in Gonzalez's complaint and are presumed true for the purpose of resolving the pending motion. *See Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). As it relates to jurisdiction, the court may consider the competent evidence submitted by the parties and matters of public record. *See Sapperstein* v. *Hager,* 188 F.3d 852, 855 (7th Cir. 1999) ("[W]here evidence pertinent to subject matter jurisdiction has been submitted . . . the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists.") (internal quotation marks and citation omitted); *Gen. Elec. Capital Corp.*, 128 F.3d at 1080 ("[A] district court [may] take judicial notice of matters of public record[.]").

filed the instant complaint. Defendants now move to dismiss the complaint under Rules 12(b)(1) and 12(b)(6), arguing that the court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and the complaint fails to state a claim upon which relief may be granted.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a case will be dismissed if the court lacks the authority to hear and decide the dispute. Fed. R. Civ. P. 12(b)(1). If subject matter jurisdiction is not evident from the face of the complaint, the court analyzes the motion to dismiss under Rule 12(b)(1) as any other motion to dismiss. *United Phosphorous, Ltd.* v. *Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc) *overruled on other grounds by Minn-Chem, Inc.* v. *Agrium Inc.*, 683 F.3d 845 (7th Cir. 2012). Where, as here, "the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other materials to support the motion." *Id.* (emphasis in original); *see also Long* v. *Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The court may weigh the evidence to determine whether jurisdiction has been established. *United Phosphorous*, *Ltd.*, 322 F.3d at 946. Although *pro se* complaints are liberally construed, *Erickson* v. *Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), *Estelle* v. *Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), the plaintiff bears the burden of establishing the basis for the court's jurisdiction. *United Phosphorous, Ltd.*, 322 F.3d at 946.

Under Rule 8(a), the complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl.* v. *Twombly*, 550 U.S.

544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Rather, it is the facts that count.

## ANALYSIS

Defendants first argue that the court lacks subject matter jurisdiction over Gonzalez's claims under the *Rooker-Feldman* doctrine, a doctrine derived from the United States Supreme Court's decisions in *Rooker* v. *Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923), and *District of Columbia Court of Appeals* v. *Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). This doctrine stands for the principle that only the United States Supreme Court has appellate jurisdiction to reverse or modify a state court judgment. *Holt* v. *Lake Cnty. Bd. of Comm'rs,* 408 F.3d 335, 336 (7th Cir. 2005). The doctrine precludes federal jurisdiction where "the complained of injury resulted from a state court judgment," *Sanchez* v. *Onewest Bank, FSB*, No. 11 CV 6820, 2013 WL 139870, at *2 (N.D. Ill. Jan. 10, 2013), and where the federal law suit is "inextricably intertwined" with a state court decision "such that success in the federal court would require overturning the state court decision[.]" *Epps* v. *Creditnet*, *Inc.,* 320 F.3d 756, 759 (7th Cir. 2003).[5] "The *Rooker-Feldman* doctrine asks: is the federal plaintiff seeking to set aside a state judgment, or does he present some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party? If the former, then the district court lacks jurisdiction; if the latter, then there is

---

[5] Although "'inextricably intertwined' is a somewhat metaphysical concept, . . . [t]he determination hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Taylor* v. *Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004). If a federal claim is "inextricably intertwined" with a state court decision, then the plaintiff must show that he "did not have a reasonable opportunity to raise the issue in the state court proceedings." *Id.* (internal quotation marks and citation omitted).

jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *GASH Assocs.* v. *Vill. of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993).

I.  **The *Rooker-Feldman* doctrine does not deprive the court of jurisdiction over the FDCPA claim**

Count I alleges various violations of the FDCPA, which prohibits "debt collectors" from harassing creditors or using false representations or unfair conduct to collect a debt. *See* 15 U.S.C. § 1692d (prohibiting harassing, oppressive, or abusive conduct); § 1692e (prohibiting false, deceptive, or misleading representations); § 1692f (prohibiting unfair or unconscionable debt collection practices). Gonzalez alleges that defendants violated the FDCPA by "[d]esigning and implementing a purposeful scheme to obtain additional amounts from distressed borrowers on the false promise and/or misleading representation that completion of trial period payments would result in [a] permanent [loan] modification . . . when Defendants had no intention of actually . . . honor[ing] any such final modification[.]" (Compl. Count I.)

This is not an attack on the state court judgment because damages could be awarded under the FDCPA without disturbing the judgment of foreclosure. *See Ruffino* v. *Bank of Am., N.A.*, No. 13 C 50124, 2013 WL 5519456, at *3 (N.D. Ill. Oct. 3, 2013) (*Rooker-Feldman* doctrine does not preclude consideration of FDCPA claim); *accord Hochstetler* v. *Fed. Home Loan Mortgage Corp.*, No. 12 CV 772, 2013 WL 3756502, at *4 (N.D. Ind. July 16, 2013); *Brooks* v. *Flagstar Bank, FSB*, No. 11-CV-67, 2011 WL 2710026, at *4 (E.D. La. July 12, 2011) ("[W]hen the FDCPA plaintiff is not challenging the validity of the debt, but rather the collection practices of the creditor, the FDCPA claim is independent from the state court collection action and the federal court has subject matter jurisdiction over that FDCPA claim.") (internal quotation marks and citation omitted) (collecting cases); *but see Byrd* v. *Homecomings Fin. Network*,

5

407 F. Supp. 2d 937, 943-44 (N.D. Ill. 2005) (*Rooker-Feldman* barred FDCPA and other consumer protection claims). As such, the court has jurisdiction over the federal claim.

## II. Gonzalez fails to adequately plead a claim under the FDCPA

A review of the complaint demonstrates that it does not adhere to pleading requirements set out in *Twombly* and *Iqbal*, even in light of the more forgiving review given a *pro se* pleading. *See Erickson*, 551 U.S. at 94; *Estelle*, 429 U.S. at 106. Count I is not plausible on its face. This count hinges on some type of loan modification program that defendants allegedly designed and implemented as part of a scheme to obtain money from distressed borrowers. (Compl. ¶ 8A.)[6] Gonzalez alleges that defendants' actions violated six separate provisions of the FDCPA. He alleges no specific facts, however, supporting any alleged violation. It is unclear from the complaint whether Gonzalez requested a loan modification or was eligible for one, whether defendants agreed to modify his loan or approve a trial period plan, whether Gonzalez made payments towards such a plan, and what was false, harassing, deceptive, or unfair about this process as it specifically relates to Gonzalez. Moreover, because MERS did not service Gonzalez's loan, there is no apparent basis to allege that MERS violated the FDCPA. The conclusional facts contained in the complaint fail to provide fair notice of what Gonzalez believes defendants did wrong. Thus, unless Gonzalez can allege that Bank of America or its predecessor BAC acted or failed to act on specific occasions in a specific manner in violation of a specific provision of the FDCPA, Gonzalez's federal claim must fail. At the least, any claim against MERS is entirely implausible.[7]

---

[6] This agreement is not attached to the complaint.

[7] In the event Gonzalez can allege his claim with more specificity, he is reminded that an action to enforce liability under the FDCPA must be brought within one year from the date on which the violation(s) occurred. 15 U.S.C. 1692k(d). Because the case was filed well beyond one year from the initiation of the foreclosure action, unless an exception to this rule applies, such as where the defendant

### III. The *Rooker-Feldman* doctrine deprives this court of jurisdiction over the remaining claims against Bank of America and MERS

Gonzalez's remaining claims must be dismissed for lack of jurisdiction because of the *Rooker-Feldman* doctrine. In the first place, Gonzalez's allegations that the assignment of the mortgage to Bank of America is void and that its filing the law suit was based on a fraudulent affidavit, merely assert defenses to the foreclosure, not independent causes of action. Even if they were independent causes of action, because the alleged injury resulted from the foreclosure judgment, this court lacks jurisdiction to adjudicate them.

Count II alleges that, because MERS acted as Countrywide's nominee, MERS did not have authority to assign Gonzalez's mortgage to BAC, violating Gonzalez's Fourteenth Amendment rights.[8] Gonzalez requests "a Quiet Title Judgment determining that [he is] the owner of the property and that the Defendant has no rights, title, estate lien or interest in the property." (Compl. Count II.) These allegations directly challenge the state court judgment by suggesting that the mortgage and note upon which it relied were invalid. The claim is therefore barred by *Rooker-Feldman*. *See Fogarty St., Ltd.* v. *Mortgage Elec. Registration Sys.*, No. 3:12-CV-412 RLM, 2012 WL 5831163, at *3 (N.D. Ind. Nov. 14, 2012) (*Rooker-Feldman* bars claims for fraud in the foreclosure proceedings where plaintiffs "haven't identified any injury separate from the foreclosure judgment . . . [and] their prayer for relief is to retain possession and regain title to the foreclosed property").

---

took active steps to prevent Gonzalez from suing in time, *see Hill* v. *Wells Fargo Bank, N.A.*, __ F. Supp. 2d ___, 2013 WL 2297056, *6 (N.D. Ill. May 24, 2013), the FDCPA claim is most likely barred by the statute of limitations.

[8] In *Ocwen Loan Servicing LLC* v. *Kroening*, No. 10 C 4692, 2011 WL 5130357, at **3-4 (N.D. Ill. Oct. 28, 2011), Judge Kendall concluded that MERS had the authority to assign the mortgage at issue even though it was acting as the lender's nominee. The mortgage language in *Kroening* is identical to that here. *Compare id.* at *4 *with* Def. Ex. 6. Thus, to the extent Gonzalez contests MERS's assignment authority, *Kroening* is instructive.

Count III rests on facts similar to those alleged in Count II, that MERS had "no legal authority" to assign the mortgage to BAC and that "MERS is contractually prohibited from exercising any rights in a foreclosure case without the authorization of the lender, and . . . [t]here is no evidence of any such authorization in the instant case." (Compl. Count III.) As such, Gonzalez alleges that BAC lacked standing to initiate foreclosure proceedings against him. (*Id.*) Unlike Count II, which requests a quiet title determination, Count III seeks damages. The *Rooker-Feldman* doctrine still applies, however. *Cf. Nora* v. *Residential Funding Co., LLC*, __ F. App'x ___, 2013 WL 6171046, at *2 (7th Cir. Nov. 26, 2013) ("[A] request for review of a state-court foreclosure decision that includes a claim for damages based on charges of defrauding the state court does not elude *Rooker-Feldman*."). The allegations in Count III directly challenge BAC's standing to initiate foreclosure proceedings against Gonzalez and, as such, they are barred under *Rooker-Feldman*.

The same conclusion applies to Count IV, which alleges that that Bank of America violated the Illinois Mortgage Foreclosure Law and related state court rules by, for example, failing to file the foreclosure complaint under oath and obtaining a fraudulent prove-up affidavit in support its motion for summary judgment. (Compl. Count IV). Gonzalez was aware of the facts supporting Counts II, III, and IV before the state court entered judgment, and it appears that he had a reasonable opportunity to raise his claims in the prior proceeding. As such, the *Rooker-Feldman* doctrine deprives the court of subject matter jurisdiction over those claims asserted against Bank of America. *See, e.g., Hochstetler*, 2013 WL 3756502, at *4 (holding that the *Rooker-Feldman* doctrine precluded consideration of "claims attacking the validity of the mortgage note" because they were "inextricably intertwined with the [foreclosure] claims brought to the state court below"); *accord Green* v. *Wells Fargo*, No. 12 C 6848, 2013 WL

1966567, at *2 (N.D. Ill. May 13, 2013) (collecting cases); *Moore* v. *Chase Home Fin., LLC*, No. 06 C 3202, 2007 WL 1119204, at *3 (N.D. Ill. Apr. 11, 2007).

Finally, although MERS was not a party to the foreclosure action (as it had no interest at stake), to the extent it could have been liable for a faulty assignment, its liability would have been to Bank of America, which would have been unable to foreclose because of MERS's wrongdoing. To the extent MERS had any potential liability to Gonzalez due to the assignment, it would have been a necessary party which Gonzalez should have joined to the foreclosure action. Because this law suit is "inextricably intertwined" with a state court decision "such that success in the federal court would require overturning the state court decision, claims against MERS are also barred.

For all of these reasons, this complaint must be dismissed.

## CONCLUSION

Defendants' motion to dismiss (dkt. #14) for lack of jurisdiction is granted as to Counts II, III, and IV. MERS's motion to dismiss Count I is granted with prejudice. Bank of America's motion to dismiss Count I is continued for further hearing and for ruling on January 23, 2014, at 11:00 a.m. Plaintiff must show cause in writing by **January 16, 2014,** as to why amendment of the complaint would not be futile so as to avoid a dismissal with prejudice. Pierce & Associates, P.C. is dismissed without prejudice because service of process was not made.

ENTER:

Date: January 2, 2014

_____

U.S. District Judge Joan H. Lefkow